IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LESLIE E. GOURNEAU,

        Plaintiff,

    v.

JACK CRABTREE, MEDICAL STAFF,
and ROBERT TILLEY,

        Defendants.

Civil No. 05-1507-BR

ORDER TO DISMISS

BROWN, Judge.

    Plaintiff, an inmate at the Yamhill County Jail, brings this
civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to an
order entered by the court this date, plaintiff was granted leave
to proceed *in forma pauperis*.  However, for the reasons set forth
below, plaintiff's complaint is dismissed for failure to state a
claim upon which relief may be granted.

### BACKGROUND

    Plaintiff alleges that on August 15, 2005, he slipped and
fell, landing on his head and back.  He was transported to a

1 - ORDER TO DISMISS -

hospital, where he received treatment. Plaintiff alleges he has unpaid medical bills and prescription costs as a result of the fall, and that he has not been given "the appropriate" medical attention at the jail. Plaintiff does not allege Defendants Crabtree or Tilley were personally involved in any deprivation of medical care, and he does not identify the "medical staff" named in the caption of his complaint. By way of remedy, Plaintiff seeks money damages.

## STANDARDS

Where a prisoner proceeding *in forma pauperis* files an action seeking redress from a governmental entity or officer or employee of a governmental entity, the court shall dismiss the case at any time if the court determines that:

(B) the action . . .

    (i) is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2) and 1915A(b).

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" <u>Cervantes v. City of San Diego</u>, 5 F.3d 1273, 1274

(9th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. Tanner, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1998); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

To state a § 1983 claim, a plaintiff must allege facts showing the deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law. L.W. v. Grubbs, 974 F.2d 119, 120 (9th Cir. 1992), cert. denied, 508 U.S. 951 (1993); Lopez v. Dept. of Health Serv., 939 F.2d 881, 883 (9th Cir. 1991); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989), cert. denied, 493 U.S. 1056 (1990).

"'[T]he government has an obligation to provide medical care for those whom it punishes by incarceration,' and cannot be deliberately indifferent to the medical needs of its prisoners." McGuckin, 974 F.2d at 1059 (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). "A determination of 'deliberate indifference' involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin, 974 F.2d at 1059.

"A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id. (quoting Estelle, 429 U.S. at 104.) The indifference to the serious medical need must be substantial; a constitutional violation is not established by mere negligence, an inadvertent failure to provide adequate medical care, or a difference of opinion between

the prisoner and the physician over proper medical care. <u>McGuckin</u>, 974 F.2d at 1059; <u>Anthony v. Dowdle</u>, 853 F.2d 741, 743 (9th Cir. 1988); <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff does not allege facts sufficient to support a claim that Defendants were deliberately indifferent to a serious medical need. As such, Plaintiff fails to state an Eighth Amendment cruel and unusual punishment claim upon which relief may be granted under 42 U.S.C. § 1983.

Moreover, "[l]iability under section 1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation. <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989); <u>Arnold v. Int'l. Business Machines, Corp.</u>, 637 F.2d 1350, 1355 (9th Cir. 1981). "'A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1446 (9th Cir. 1991), <u>cert. denied</u>, 112 S.Ct. 972 (1992) (quoting <u>Thompkins v. Belt</u>, 828 F.2d 298, 303-04 (5th Cir. 1987)); <u>Larez v. City of Los Angeles</u>, 946 F.2d 630, 646 (9th Cir. 1991); <u>Taylor</u>, 880 F.2d at 1045. However, it is well established that § 1983 does not impose liability upon state officials for the acts of

their subordinates under a *respondeat superior* theory of liability." <u>Monell v. New York City Dep't. of Social Services</u>, 436 U.S. 658, 691-94 (1978).

Plaintiff does not allege either individual Defendant was personally involved in the deprivation of Plaintiff's rights. Accordingly, Plaintiff fails to state a claim against the individually named Defendants upon which relief may be granted under 42 U.S.C. § 1983.

<b><u>CONCLUSION</u></b>

Based on the foregoing, IT IS ORDERED that Plaintiff's complaint is DISMISSED for failure to state a claim. Plaintiff may file an amended complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an amended complaint shall result in the dismissal of this proceeding, with prejudice. In lieu of an

///

///

///

///

///

///

///

///

amended complaint, Plaintiff may move to voluntarily dismiss this

action, without prejudice.[1]

IT IS SO ORDERED.

DATED this ___4th___ day of November, 2005.


_____/s/ Anna J. Brown_____
ANNA J. BROWN
United States District Judge

---

[1] Plaintiff is advised that under the Prison Litigation Reform Act, a prisoner is prohibited from proceeding in a civil action without full payment of the filing fee if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action in a court of the United States that was dismissed as frivolous or for failure to state a claim unless the prisoner is under imminent danger of serious physical harm. 28 U.S.C. § 1915(g).